UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

MICHAEL STEEL,

    Plaintiff,

vs.

SERGIO PEREZ, individually,
and the CITY OF OPA-LOCKA,
a Florida Municipal corporation,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    1.    This is a civil action seeking money damages in excess of $30,000 dollars, exclusive of interest, costs and attorney's fees against Defendant SERGIO PEREZ, individually and Defendant CITY OF OPA-LOCKA, a Florida Municipal corporation.

    2.    This action is brought pursuant to 42 U.S.C. §1983 and §1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. §1983, 28 U.S.C. §1331 and 28 U.S.C. §1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. §1367(a).

    3.    Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of §768.28 of the Florida Statutes.

## PARTIES

4. At all times material hereto, the Plaintiff, MICHAEL STEEL (hereinafter "Plainitff" or "STEEL"), was and is a resident of Broward County, Florida and is otherwise <u>sui juris</u>.

5. At all times material hereto, the Defendant, SERGIO PEREZ (hereinafter "PEREZ"), was employed as a police officer for Defendant CITY OF OPA-LOCKA, and was acting under the direction and control of the CITY OF OPA-LOCKA, and in such capacity as an agent, servant and employee of the CITY OF OPA-LOCKA.

6. Defendant, CITY OF OPA-LOCKA (hereinafter "CITY"), is a Florida Municipal corporation, organized and existing under the laws of the State of Florida. In this cause, CITY acted through its agents, employees, and servants, including PEREZ, and others.

7. STEEL sues PEREZ in his individual capacity.

## FACTS COMMON TO ALL COUNTS

8. On or about September 1, 2021, STEEL and PEREZ were working on duty in their capacity as police officers with CITY.

9. PEREZ was in possession of two Taser 7's despite not being trained or certified on the weapons.

10. PEREZ approached STEEL and asked him if he wanted to be tased to which STEEL replied "no".

11. PEREZ, without justification, provocation or cause, discharged his taser hitting STEEL in the torso.

12. As a result, STEEL sustained severe and permanent injuries.

13. The conduct of PEREZ, as set forth herein, occurred under the color of law.

### COUNT I - 42 U.S.C. §1983 EXCESSIVE USE OF FORCE
### AGAINST SERGIO PEREZ, INDIVIDUALLY

14. Plaintiff re-alleges and incorporates paragraphs 1 - 13 as if fully set forth herein, and would further state:

15. The use of force by PEREZ towards Plaintiff was objectively unreasonable and unnecessary for PEREZ to defend himself or any other person from bodily harm and constitutes the excessive use of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

16. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. §1983, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment and loss of earnings. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for her services herein.

WHEREFORE, Plaintiff prays:

    a. Judgment for compensatory damages in excess of $30,000 dollars;

    b. Judgment for punitive damages;

    c. Cost of suit;

    d. Reasonable attorney's fees pursuant to 42 U.S.C. §1988;

    e. Trial by jury as to all issues so triable; and

    f. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT II - BATTERY/UNNECESSARY FORCE
### AGAINST CITY OF OPA-LOCKA

17. Plaintiff re-alleges and incorporates paragraphs 1 - 13 as if fully set forth herein,

and would further state:

18.     The use of force by PEREZ towards Plaintiff was objectively unreasonable and unnecessary for PEREZ to defend himself or any other person from bodily harm, and resulted, as PEREZ reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

19.     The battery/unnecessary use of force by PEREZ toward Plaintiff occurred during the course and scope of his employment as a police officer for CITY.

20.     As a direct and proximate result of the acts described above, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment and loss of earnings.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.  Plaintiff has also agreed to pay the undersigned a reasonable fee for her services herein.

WHEREFORE, Plaintiff prays:

a.   Judgment for compensatory damages in excess of $30,000 dollars;

b.   Cost of suit;

c.   Trial by jury as to all issues so triable; and

d.   Such other relief as this Honorable Court may deem just and appropriate.

### COUNT III - BATTERY/UNNECESSARY FORCE AGAINST SERGIO PEREZ, INDIVIDUALLY

21.     Plaintiff re-alleges and incorporates paragraphs 1 - 13 as if fully set forth herein, and would further state:

22.     The use of force by PEREZ, individually,  towards Plaintiff was objectively

unreasonable and unnecessary for PEREZ to defend himself or any other person from bodily harm, and resulted, as PEREZ reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

23. Alternatively to the allegations set forth in Count II, if the battery/unnecessary use of force against Plaintiff by PEREZ, individually, occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property, then the batter/unnecessary use of force was committed by PEREZ in his individual capacity.

24. As a direct and proximate result of the acts described above, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment and loss of earnings. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law. Plaintiff has also agreed to pay the undersigned a reasonable fee for her services herein.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $30,000 dollars;

b. Judgment for punitive damages;

c. Cost of suit;

d. Trial by jury as to all issues so triable; and

e. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT IV - NEGLIGENT TRAINING, SUPERVISION AND RETENTION AGAINST CITY OF OPA-LOCKA

Plaintiff re-alleges and incorporates paragraphs 1 - 13 as if fully set forth herein, and

would further state:

25. At all times material hereto, CITY owed a duty of reasonable care to Plaintiff to ensure he was provided a safe working environment, to be free from workplace violence and to train and supervise PEREZ to ensure he was properly trained and qualified so as to not discharge a taser without justification, provocation or cause .

26. CITY breached its duties to Plaintiff in one or more of the following ways:

   a. Failing to provide PEREZ with proper training on the Taser 7;

   b. Permitting PEREZ to be in possession of and utilize the Taser 7 without proper training;

   c. Failing to take action against PEREZ after he exhibited violent propensities during the execution of his job duties;

   d. Retaining PEREZ after he exhibited violent propensities during the execution of his job duties;

   e. Failing to deter PEREZ from battering Plaintiff; and

   f. Negligently acted or failed to act in other presently undetermined ways.

27. As a direct and proximate result of the negligent training, supervision and retention of PEREZ, Plaintiff has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment and loss of earnings. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law. Plaintiff has also agreed to pay the undersigned a reasonable fee for her services herein.

WHEREFORE, Plaintiff prays:

  a. Judgment for compensatory damages in excess of $30,000 dollars;

  b. Cost of suit;

  c. Trial by jury as to all issues so triable; and

  d. Such other relief as this Honorable Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs further requests trial by jury of all issues so triable as a matter of law.

Dated this 9th day of September, 2022.

       MARTIN, LISTER & ALVAREZ
       *Attorneys for Plaintiff*
       1655 N. Commerce Parkway, Suite 102
       Weston, Florida 33326
       Telephone: (954) 659-9322 Ext 305
       Facsimile: (954) 659-9909
       Email: tsalaw@hotmail.com
          diana@lawmla.com

  By: */s/Tamatha S. Alvarez*
    TAMATHA S. ALVAREZ
    Florida Bar No: 151467